UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
                                          :
LAWRENCE THOMPSON,            : CASE NO. 1:18-CV-01634
                                          :
       Petitioner,                :
                                          :
vs.                                       : OPINION & ORDER
                                          : [Resolving Doc. No. 1]
WARDEN JAMES HAVILAND,        :
                                          :
       Respondent.                :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Petitioner Lawrence Thompson filed this Habeas Corpus petition under 28 U.S.C. § 2254. Thompson is currently incarcerated in the Allen Correctional Institution, after having a 1994 conviction for rape, kidnaping, disseminating matter harmful to a juvenile, and gross sexual imposition. He claims he is entitled to habeas relief because the trial court erred in denying his Motion to Suppress Evidence. He says evidence should have been suppressed because the evidence followed a pretextual traffic stop that was a ruse to search his vehicle, violating his Fourth and Fourteenth Amendment rights. For the reasons set forth below, the Petition is denied and the action is dismissed.

# I. Background

On the July 16, 1993, evening, Ohio Park Ranger Kevin Erskine was on routine patrol in a marked car at Edgewater State Park in the City of Cleveland, Ohio.[1] At approximately 8:45 p.m., Erskine was westbound on the park roadway when a van driven by Petitioner pulled out from a parking area in front of him. The van weaved as it proceeded westbound and Erskine could see through the rear window of the van that Petitioner seemed preoccupied with attempting to place something beneath his seat. The van traveled less than a hundred feet before Erskine saw it go left of center twice and swerve once to the right onto the grass of the berm.

Erskine then stopped the van for the traffic violations he had observed. As Erskine approached the driver's side of the van, he saw two male children under the age of ten years, seated cross-legged on the floor in the front passenger area and wearing only swim trunks or shorts. Erskine also could see boxes containing what he estimated to be several hundred pornographic magazines in Petitioner's van. Petitioner repeatedly asked for Erskine to issue the traffic citation so he could be on his way.

Erskine asked Petitioner if the children were his and Petitioner replied they were a neighbor's children, but could not provide their names. Erskine arrested Petitioner for disseminating matter harmful to juveniles. Petitioner was subsequently indicted on two counts of rape, two counts of kidnapping, two counts of disseminating matter harmful to juveniles, and two counts of gross sexual imposition.

---

[1] Background information was obtained from the state court's recitation of facts in *State v. Thompson*, No. 67846, 1995 WL 328480, at *1-4 (Ohio Ct. App. June 1, 1995).

Prior to Petitioner's trial, he filed a Motion to Suppress Evidence, contending Erskine's stop of him was improper. The trial court held a hearing on the Motion. The oldest child seated in Petitioner's van, Erskine, and Petitioner testified at the hearing. The trial court overruled the Suppression Motion. Ultimately, a jury convicted Petitioner on all counts and he was sentenced to consecutive terms of incarceration of life on counts one and two, eight to twenty-five years on counts three and four, and two years on each of the remaining counts.

Petitioner filed a timely appeal of his conviction to the Ohio Eighth District Court of appeals. As his sole assignment of error, he asserted that the trial court erred in denying his Motion to Suppress Evidence Seized, as the initial stop of the vehicle was a pretextual stop to search his vehicle in violation of the Fourth and Fourteenth Amendments. The Appellate Court examined the testimony provided at the hearing and determined that neither the initial stop nor the subsequent search of Petitioner's van was unreasonable under the Fourth Amendment.[2] The Court affirmed Petitioner's conviction on June 1, 1995. He did not appeal this decision to the Supreme Court of Ohio, nor did he pursue post-conviction relief.

Twenty-three years later, Petitioner filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

## II.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was enacted "to reduce delays in the execution of state and federal criminal

---

[2] *Id.*

sentences, and 'to further the principles of comity, finality, and federalism.'"³ Consistent with this goal, when reviewing a habeas corpus petition by a state prisoner, a determination of a factual issue made by a State court are presumed to be correct.⁴ The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.⁵ A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."⁶

### III. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.⁷ Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full

---

3   *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).
4   *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008).
5   28 U.S.C. § 2254(e)(1).
6   28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).
7   28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).

and fair opportunity to review his or her claims on the merits.[8] Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each habeas claim.[9] Each claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law,[10] and it must be presented to the state courts under the same legal theory in which it is later presented in federal court.[11]

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement.[12] In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds."[13] A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will

Furthermore, there is a one-year statute of limitation for filing a § 2254 petition.[14] The limitation period runs from the latest of the date on which the judgment became final by the conclusion of direct appeal or the expiration of the time for seeking a direct appeal. If the Petitioner properly files a post-conviction Petition, the time that the Petition is pending will not be counted toward the one year time limitation.

---

[8] *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).
[9] *Wagner*, 581 F.3d at 414.
[10] *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).
[11] *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).
[12] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).
[13] *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).
[14] 28 U.S.C. § 2244(d)(1) and (2).

## IV. Analysis

As an initial matter, Petitioner's sole ground for relief is unexhausted and time barred. He raised his Fourth Amendment challenge on direct appeal but did not appeal that decision to the Supreme Court of Ohio. Furthermore, it would futile to require Petitioner to return to state court to seek a delayed review by the Supreme Court because the statute of limitations period for filing a habeas petition expired in 1997.[15]

Moreover, return to state court would be futile, because federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts.[16]

To determine if the Petitioner was given a full and fair opportunity to litigate that issue, the Court must ask two questions. First, the Court must determine whether there is a state procedure that gave a full and fair litigation opportunity.[17] In this case, Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in a pretrial motion to suppress. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal under Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims.

---

[15] Because Petitioner's conviction became final before AEDPA took effect, the federal limitations period began running on AEDPA's effective date, April 24, 1996, giving Petitioner one year from that date (in the absence of tolling) to file a federal habeas petition.
[16] *Stone v. Powell*, 428 U.S. 465, 481-82, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).
[17] *Id.*

Second, if the state provides a procedure to raise Fourth Amendment violations, the Court must decide if Petitioner's ability to present the claim was frustrated because of a failure of the state procedure. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits.[18] In this case, Petitioner received an evidentiary hearing on his Motion to Suppress. He raised the denial of that Motion on direct appeal of his conviction. He was not prevented from presenting this claim in the state courts. Petitioner's Fourth Amendment claim is not cognizable in a 28 U.S.C. § 2254 Petition.

## V. Conclusion

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* is granted[19], the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

Dated: November 16, 2018   *s/ James S. Gwin*
　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[18] *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).
[19] Doc. No. 2